# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

ANGELO MARTINEZ,

                                Plaintiff,

-vs-                                    DECISION & ORDER

TOM SCHOELLKOPF, Commissioner's              01-CV-6194
hearing officer, DOCS; M. MAZUR, C.O.,
Attica Correctional Facility,

                                Defendants.

___

### APPEARANCES

For Plaintiff:                        Oscar Michelen, Esq.
                                    200 Old Country Road
                                    Suite 2 South
                                    Mineola, NY 11501-4242
                                    (516) 248-8000

For Defendants:                  Gary Levine, A.A.G.
                                    New York State Office of the Attorney General
                                    144 Exchange Boulevard, Suite 200
                                    Rochester, NY 14614
                                    (585) 546-7430

### INTRODUCTION

    **SIRAGUSA, J.** This is an action pursuant to 42 U.S.C. § 1983. Now before the Court are cross-motions (## 13 & 19) by plaintiff and defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion for summary judgment is granted on the ground that plaintiff's claim is barred by the applicable statute of limitations, and plaintiff's motion is denied.

## BACKGROUND

As the stipulated facts indicate, at all times relevant to this lawsuit, plaintiff was an inmate of the New York State Department of Correctional Services at Attica Correctional Facility ("Attica"). On February 8, 1998, an inmate at Attica was slashed by another prisoner, and on February 13, 1998, plaintiff was served with an inmate misbehavior report accusing him of the assault. Defendant Mazur was assigned to assist plaintiff in preparation for his disciplinary hearing, which was conducted by defendant Schoellkopf, during the period of February 19 to February 25, 1998.

Plaintiff's defense was that he was on the telephone with his mother at the time the slashing incident occurred, and plaintiff's mother, in fact, testified to this at his hearing. In preparing his defense, plaintiff requested that defendant Mazur procure for him a number of documents, including telephone records, which plaintiff wanted to utilize to buttress his mother's testimony. However, plaintiff did not receive all of the documents he requested among which were the telephone records.

At the conclusion of the hearing, plaintiff was found guilty of violent conduct, assault on an inmate, and using a weapon. The punishment imposed was removal to the Special Housing Unit ("SHU"), for one year, and suspension of telephone and commissary privileges for one year.

On March 10, 1998, plaintiff filed a timely appeal. The decision of the hearing officer was affirmed on May 4, 1998, by Donald Selsky, Director, Special Housing/Inmate Disciplinary Program.

On July 2, 1998, plaintiff filed a petition with the New York State Supreme Court in Wyoming County for a Judgment Pursuant to Article 78 of the New York Civil Procedure

Law and Rules. On March 3, 1999, that court issued a decision and order determining that plaintiff "was denied his right to assistance under applicable regulations," and ordering that a new hearing be conducted by a different officer. On April 18, 2001, while still incarcerated, plaintiff filed a complaint with this Court. No new disciplinary hearing was ever held, and plaintiff is no longer incarcerated.

## STANDARD OF LAW

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R. CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by

omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

The applicable statute of limitations for a complaint filed under 42 U.S.C. § 1983 is the State statute of limitations for personal injury. As the Supreme Court held in *Owens v. Okure*, 488 U.S. 235 (1989):

> In *Wilson v Garcia*, 471 U.S. 261 (1985), we held that courts entertaining claims under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions. This case raises the question of what limitations period should apply to a § 1983 action where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions. We hold that the residual or general personal injury statute of limitations applies.

*Id.*, at 236. Thus, the governing statute of limitations is found in New York Civil Procedure Law and Rules § 214 (McKinney's 2003), which reads, in pertinent part: "Actions to be commenced within three years: . . . for personal injury . . . ."

Consequently, in order for the claim in this case to have been timely brought within the statute of limitations, the action must have been commenced within three years of the date the cause of action accrued. The Federal Rules of Civil Procedure establish that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

Plaintiff and defendant agree that, with respect to defendant Schoellkopf, the alleged injury accrued on February 25, 1998, in which case the last day on which to file an action would have been February 25, 2001. With respect to defendant Mazur, plaintiff claims that the same accrual date applies. However, defendant contends that the accrual period commenced with the last contact plaintiff had with defendant Mazur, which occurred on February 13, 1998, making February 13, 2001 the final date on which an action could

have been filed. It is unnecessary to resolve the controversy with respect to defendant Mazur, because there is no dispute that the complaint was not filed until April 18, 2001. This means that even assuming arguendo the accrual date for all purposes was February 25, 1999, the action was not commenced until after the statute of limitations had expired. Although plaintiff refers to the date of service, such date is irrelevant. In cases of federal question jurisdiction, such as the subject matter, Rule 3 applies. FED. R. CIV. P. 3, 28 U.S.C.A. (Practice Commentary by David D. Siegel).

## CONCLUSION

Accordingly, defendant's motion (# 13) for summary judgment on the grounds that the complaint is time barred by the statute of limitations is granted. Having granted defendants' motion on this basis, the Court deems it unnecessary to address other grounds for summary judgment raised by either plaintiff or defendant. The action is dismissed.

IT IS SO ORDERED.

Dated: July 8, 2005
Rochester, New York

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge